11-4775-cv
Metro Found. Contractors, Inc. v. Arch Ins. Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

Present:
> CHESTER J. STRAUB,
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> > *Circuit Judges*.

METRO FOUNDATION CONTRACTORS, INC.,

> *Plaintiff-Counter-Defendant-Appellant*,

> v.                                   No. 11-4775-cv

ARCH INSURANCE COMPANY,

> *Defendant-Third-Party-Plaintiff-Appellee*,

MARCO MARTELLI & ASSOCIATES, INC., MARTELLI REAL ESTATE, INCORPORATED, MARCO MARTELLI, MADELINE MARTELLI, RONALD KUHLMANN, PATRICK J. QUIGLEY,

> *Third-Party-Defendants-Counter-Claimants-Appellees*.[*]

---

[*] The Clerk of the Court is directed to amend the caption as noted.

For Plaintiff-
Counter-Defendant-Appellant:    BRYAN HA, New York, N.Y.

For Third-Party-Defendants-
Counter-Claimants-Appellees:    JOSHUA D. OLSEN, Mastropietro-Frade, LLC, Mineola, N.Y.

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant Metro Foundation Contractors, Inc. ("Metro") initiated this federal action by filing a complaint in the United States District Court for the Southern District of New York against Defendant-Third-Party-Plaintiff-Appellee Arch Insurance Company ("Arch"). Metro alleged, *inter alia*, that it was entitled to recover on a surety bond issued by Arch to Third-Party-Defendant-Counter-Claimant-Appellee Marco Martelli Associates, Inc. ("MMA"). Arch then filed a third-party complaint against MMA and other third-party defendants claiming it was entitled to be indemnified for any payments it was required to pay to Metro. MMA, in turn, filed an answer to Arch's third-party complaint in which it asserted various breach of contract claims against Metro.

During the course of the proceedings below, Metro allegedly failed to comply with various discovery requests made by MMA. The district court therefore ordered Metro to produce the requested documents and imposed sanctions when its order was ignored. *See Metro Found. Contractors, Inc. v. Arch Ins. Co.*, No. 09 Civ. 6796 (JGK), 2011 WL 70561 (S.D.N.Y. Jan. 6, 2011). Metro's noncompliance nonetheless persisted, and MMA responded by filing a

motion for sanctions and the reasonable expenses that it had incurred, including attorneys' fees. Metro opposed the motion for sanctions and also filed a motion to dismiss the third-party complaint in its entirety for lack of subject matter jurisdiction.

In an Opinion and Order dated May 27, 2011, the district court denied Metro's motion to dismiss and retained supplemental jurisdiction over MMA's claims against Metro. *See Metro Found. Contractors, Inc. v. Arch Ins. Co.*, No. 09 Civ. 6796 (JGK), 2011 WL 2150466 (S.D.N.Y. May 27, 2011). The district court also ordered Metro to pay MMA $7,005.82 in costs and attorneys' fees. On October 11, 2011, following further proceedings below that are not relevant to the instant appeal, the district court entered a default judgment against Metro with respect to liability on MMA's claims and a final partial judgment against Metro of $7,005.82 in costs and attorneys' fees. Metro appeals from the district court's October 11, 2011 judgment.

On appeal, Metro argues that the district court's October 11, 2011 judgment is null and void, either because the district court lacked subject matter jurisdiction over MMA's claims, or because it should have exercised its discretion to decline supplemental jurisdiction over those claims. Additionally, it argues that the award of attorneys' fees must be vacated because it was not supported by contemporaneous time records. We assume the parties' familiarity with the remaining facts and procedural history of this case, which we discuss only as necessary to explain our decision.

We first consider Metro's assertion that the district court lacked subject matter jurisdiction over the claims asserted against Metro by MMA. "When reviewing a district court's determination of its subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *McCarthy v. Navistar Fin. Corp.*, 59 F.3d 9, 11 (2d Cir. 1995). In

3

this case, Metro brought its original complaint against Arch in federal court under 28 U.S.C. § 1332, which provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Because Metro and Arch are citizens of different states and the amount in controversy exceeds $ 75,000, Metro's claims against Arch fall within the district court's diversity jurisdiction.[1]

Metro and MMA, however, are citizens of the same state, and MMA's state law claims against Metro are therefore not subject to the court's diversity jurisdiction. Nonetheless, in cases where a district court has original jurisdiction, it may also exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Here, Metro does not dispute that MMA's claims against Metro are part of the "same case or controversy" as those claims asserted by Metro against Arch.

Metro argues instead that MMA's claims are excluded from Section 1367(a)'s jurisdictional grant because they fall within the exceptions created by Section 1367(b) with respect to diversity cases. Section 1367(b) provides that:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by *plaintiffs* against persons made parties under Rule 14,

---

[1] 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." It is undisputed that Metro is a corporation organized under the laws of New York with its principal place of business in New York, that Arch is a corporation organized under the laws of Missouri with its principal place of business in Missouri, and that MMA is a corporation organized under the laws of New York with its principal place of business in New York.

> 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as *plaintiffs* under Rule 19 of such rules, or seeking to intervene as *plaintiffs* under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b) (emphasis added). Metro argues that the limitations of Section 1367(b) apply not only to original plaintiffs but also to "claims by persons proposed to be joined as plaintiffs . . . or seeking to intervene as plaintiffs." Pl.'s Br. 17. Metro contends that in voluntarily asserting claims for affirmative relief, MMA is no different from a plaintiff voluntarily intervening in an action to assert claims against another party and therefore should be classified as a plaintiff.

Metro's claims are without merit. As an initial matter, the text of the statute does not support Metro's argument, a fact Metro attempts to obscure by selectively quoting the statute with key parts of the text omitted. Section 1367(b) provides that district courts shall not have supplemental jurisdiction "over claims by persons proposed to be joined as plaintiffs *under Rule 19* of [the Federal Rules of Civil Procedure], or seeking to intervene as plaintiffs *under Rule 24*." 28 U.S.C. § 1367(b) (emphasis added). MMA was neither joined under Rule 19, which governs joinder of necessary parties, nor intervened under Rule 24, which governs intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 19, 24. Rather, MMA was served with a third-party complaint as a third-party defendant under Rule 14. *See* Fed. R. Civ. P. 14. Thus, the portion of the statute Metro relies upon is inapplicable on its face.

Moreover, Metro's argument is foreclosed by our decision in *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721 (2d Cir. 2000). In *Viacom* we explained that "§ 1367(b) reflects Congress' intent to prevent *original plaintiffs—but not defendants or third parties—*from circumventing the requirements of diversity." *Id.* at 726-27 (emphasis added). The purpose of

5

Section 1367(b) is to prevent "*plaintiffs* [from being able] to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis." *Id.* at 727 (internal quotation marks omitted). "By contrast, because defendants are involuntarily brought into court, their claims are not deemed as suspect as those of the plaintiff, who is master of his complaint." *Id.* (internal quotation marks and alterations omitted). Accordingly, we held in *Viacom* that the non-diverse fourth-party defendant in that case could bring claims against the original plaintiff ("downsloping claims"), but that the original plaintiff could not bring claims or counterclaims against the fourth-party defendant ("upsloping claims"). *Id.* This principle, which as been recognized by at least four other Circuits,[2] applies equally to claims brought by third-party-defendants.

Metro's attempt to distinguish *Viacom* is unavailing. Contrary to Metro's assertion on appeal, the *Viacom* Court's decision did not in any way rely upon the fact that the fourth-party

---

[2] *See Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir. 1995) ("The plain language of § 1367(b) limits supplemental jurisdiction over claims by *plaintiffs* against persons made parties under Rule 14, 19, 20, or 24 and of parties who join or intervene as *plaintiffs* pursuant to Rule 19 or 24. The section has little to say about defendants." (internal quotation marks omitted)); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th Cir. 1998) (holding that "the limitation of § 1367(b) applies only to *plaintiffs*' efforts to join nondiverse parties"); *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 580 (5th Cir. 2004) ("The fact that [defendant] has asserted a counterclaim does not make him a 'plaintiff' for purposes of § 1367(b). Although we have not directly addressed this issue in the past, today we hold that 'plaintiff' in § 1367(b) refers to the original plaintiff in the action—not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party plaintiff. In doing so, we follow the numerous other circuits that have come to the same conclusion."); *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004) ("The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity.").

defendant in that case, Taylor Forge, was purportedly a necessary party. Indeed, we expressed serious doubt as to whether Taylor Forge was a necessary party.[3] Thus, *Viacom* is directly on point, and the district court here had supplemental jurisdiction over MMA's claims.

We turn next to Metro's contention that district court should have declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). We review a district court's decision to exercise supplemental jurisdiction for abuse of discretion. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). District courts may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). "Once a court identifies one of the factual predicates which corresponds to one of the subsection 1367(c) categories, the exercise of discretion is informed by whether remanding the [supplemental] state claims comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness, and comity." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998) (internal quotation marks and alterations omitted).

---

[3] *See Viacom*, 212 F.3d at 726 ("Reviewing this matter on appeal, we find a serious question as to whether Taylor Forge qualifies as a 'necessary' party under Rule 19(a) and, *a fortiori*, whether Taylor Forge is an 'indispensable' party within the meaning of Rule 19(b). We need not decide these issues here, however, because we conclude that Taylor Forge was already present in the litigation and could have joined with Kearney in asserting its 22 claims against Viacom without destroying the court's subject matter jurisdiction.").

Metro principally argues that the district court should have declined to exercise supplemental jurisdiction over MMA's claims against Metro because they are duplicative of claims already asserted in a parallel state court proceeding, and courts have found that "exceptional circumstances" exist for declining jurisdiction under § 1367(c)(4) where the claims in federal court are duplicative of claims already asserted in parallel state court proceedings. *See SST Global Tech. LLC v. Chapman*, 270 F. Supp. 2d 444, 459 (S.D.N.Y. 2003). Metro conspicuously fails to mention, however, that it is the *plaintiff* in both the federal proceeding against Arch and the state court proceeding against MMA. Metro is therefore solely responsible for the existence of the parallel proceedings. As the district court found, "[Metro] cannot now assert the existence of multiple proceedings—which it brought about—as a reason to limit the available claims of third-party defendants who were brought into this lawsuit which it commenced." *Metro*, 2011 WL 2150466, at *6. Metro's suggestion that MMA's claims raise novel and complex issues of state law is equally unavailing, as the First Department of the New York Appellate Division has already resolved these claims in the parallel state court action. *See Metro Found. Contractors, Inc. v. Marco Martelli Assocs., Inc.*, 912 N.Y.S.2d 187 (N.Y. App. Div. 2010).

The district court, having found none of the factual predicates corresponding to one of the subsection 1367(c) categories, was not required to conduct any further analysis. Nonetheless it addressed the issue and reasonably found that judicial resources would be not preserved by declining to exercise supplemental jurisdiction over MMA's state law claims because the "same factual issues will have to be considered to address Metro's claims against Arch and Arch's claims against MMA, even if supplemental jurisdiction is not exercised over MMA's claims

against Metro." *Metro*, 2011 WL 2150466, at *5. Accordingly, the district court did not abuse its discretion in exercising supplemental jurisdiction over MMA's claims.

Finally, we decline to consider Metro's contention—raised for the first time on appeal—that the district court erred in imposing sanctions without requiring contemporaneous time records. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (requiring contemporaneous time records for attorneys' fees granted pursuant to a statutory fee shifting provision). As we found in a similar case, "[t]his contention should have been asserted in the district court to give [MMA] the opportunity to submit time records to supplement its claim for attorneys' fees. By withholding its contention until this late stage in the litigation, [Metro] foreclosed that simple solution." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 528 (2d Cir. 1990).

We have considered Metro's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

